IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMAND |
| v. ) | |
| GENESIS HEALTHCARE LLC d/b/a HOLLY ) | COMPLAINT |
| MANOR CENTER NURSING HOME, ) | |
| 84 COLD HILL ROAD OPERATIONS LLC ) | |
| d/b/a HOLLY MANOR CENTER NURSING ) | |
| HOME, ) | |
| Defendants. ) | |

_____)

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (collectively "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Stefan P. Denisiuk, who was adversely affected by such practices.  As alleged with greater particularity below, Defendants unlawfully refused to hire Denisiuk on the basis of his disability.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

**PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission ("EEOC or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Genesis HealthCare LLC d/b/a Holly Manor Center Nursing Home ("Genesis HealthCare"), which is registered in New Jersey as a limited liability company that owns and manages Holly Manor Center Nursing Home, has continuously been doing business in the State of New Jersey and the City of Mendham, New Jersey and has continuously had at least 15 employees.

5.     At all relevant times, Genesis HealthCare has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Genesis HealthCare has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     At all relevant times, Defendant 84 Cold Hill Road Operations d/b/a Holly Manor Center Nursing Home ("84 Cold Hill Road"), a Pennsylvania limited liability company that is licensed to operate Holly Manor Center Nursing Home in New Jersey, has continuously been

doing business in the State of New Jersey and the City of Mendham, New Jersey, and has continuously had at least 15 employees.

8.   At all relevant times, 84 Cold Hill Road has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.   At all relevant times, 84 Cold Hill Road has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.   More than 30 days before the institution of this lawsuit, Stefan P. Denisiuk filed a charge with the Commission alleging violations of the ADA by Defendants.

11.   On March 5, 2013, EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with EEOC in informal methods of conciliation.

12.   EEOC endeavored to eliminate the unlawful employment practices through informal conciliation methods, but was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13.   EEOC issued to Defendants a Notice of Failure of Conciliation on November 7, 2013.

14.   All conditions precedent to the initiation of this lawsuit have been fulfilled.

15.   In or around March 2012, Defendants engaged in an unlawful employment practice in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, as outlined below:

a.  Denisiuk, who is deaf, applied for a position in the Food Services department of Defendants' Holly Manor Center Nursing Home located in Mendham, New Jersey;

b.  At the time Denisiuk submitted his application for employment with Defendants, he had experience in food service;

c.  On or around February 14, 2012, Defendants' Food Services Director and Hospitality Services Director interviewed Denisiuk;

d.  At the end of the interview, Defendants offered Denisiuk the part-time positions of Dietary Aide and Cook I/Assistant Cook by stating in writing to him "your [sic] hired";

e.  After discussing the salary and number of hours Denisiuk would work, he told the interviewers in writing "I will take it!";

f.  The Food Services Director concluded the interview by telling Denisiuk in writing that "I think you would be a great worker.  I can see you have great experience" and she informed him that Defendants would submit his background check;

g.  A few weeks after Denisiuk accepted the offered positions, Defendants asked him to submit to a second interview;

h.  On or about March 2, 2012, Defendants' Facility Administrator and Human Resources Manager interviewed Denisiuk;

i.  During the second interview, Defendants grilled Denisiuk about his communications skills;

    j.   At the end of the second interview, Defendants' Human Resources Manager told Denisiuk that she would text him his work schedule;

    k.   On or about March 12, 2012, Defendants informed Denisiuk in writing that they "decided to pursue more experienced candidates at this time";

    l.   In or around June 2012, Defendants hired less qualified individuals for the position of Dietary Aide;

    m.   Defendants ultimately refused to hire Denisiuk.

16.   The effect of the practices complained of in paragraphs 15(a)-(m) above has been to deprive Denisiuk of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his disability.

17.   The unlawful employment practices complained of in paragraphs 15(a)-(m) above were intentional.

18.   The unlawful employment practices complained of in paragraphs 15(a)-(m) above were done with malice or with reckless indifference to the federally protected rights of Denisiuk.

19.   The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Denisiuk by depriving him of equal employment opportunities in violation of the ADA.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants Genesis HealthCare and 84 Cold Hill Road, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices.

C.   Order Defendants to make Denisiuk whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.   Order Defendants to make Denisiuk whole by providing compensation for future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to instatement, or front pay in lieu thereof.

E.   Order Defendants to make Denisiuk whole by providing compensation for past nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, humiliation, and embarrassment in amounts to be determined at trial.

F.   Order Defendants to make Denisiuk whole by providing compensation for future nonpecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

G.   Order Defendants to pay Denisiuk punitive damages for its malicious and reckless conduct, as described in paragraphs 15(a)-(m) above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  January 16, 2014
      New York, NY

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel


s/ Robert D. Rose
Robert D. Rose
Acting Regional Attorney
Robert.rose@eeoc.gov

s/ Raechel L. Adams
Raechel L. Adams
Supervisory Trial Attorney
Raechel.adams@eeoc.gov

s/ Ariya McGrew
Ariya McGrew
Trial Attorney
Ariya.mcgrew@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(212) 336-3698