UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY       :
COMMISSION,                        :
                                   :
        **Plaintiff,**             :
                                   :
        v.                        :    14-CV-00316-JLL-JAD
                                   :
GENESIS HEALTHCARE, LLC d/b/a HOLLY :
MANOR CENTER NURSING HOME,         :
84 COLD HILL ROAD OPERATIONS LLC   :
d/b/a HOLLY MANOR CENTER NURSING   :
HOME,                              :
                                   :
        **Defendants.**           :
------------------------------------------------------------x

## CONSENT DECREE

On January 16, 2014, EEOC brought this action under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 (collectively "ADA"), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide relief to Stefan P. Denisiuk, who allegedly was affected by such unlawful practices. EEOC's Complaint alleged that Defendants unlawfully refused to hire Denisiuk on the basis of his disability. Defendants deny having engaged in any unlawful employment practices and deny any liability in this Action.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1

## PART I     GENERAL PROVISIONS

**Section 101**     **Definitions**

    **1. Business days:** "Business day" means Monday through Friday, except for Federal holidays. If a deadline falls on a weekend or Federal holiday, the deadline shall be extended to the next business day immediately following the weekend or holiday.

    **2. Defendant entities:** Genesis HealthCare, LLC (hereafter "Genesis") and 84 Cold Hill Road Operations LLC, d/b/a/ Holly Manor Center (hereafter "Holly Manor").

    **3. Applicability of Decree to Defendant entities:** As used in this Decree, the term "Defendants" means that such provision applies to both Holly Manor and Genesis. As used in this Decree, the term "Holly Manor" means that such provision applies to Holly Manor only.

    **4. Effective date:** "Effective date" means the date this Decree is docketed by the Clerk of Court after it is signed by and receives approval from the Court.

**Section 102**     **Purpose of this Decree**

    A.     EEOC and Defendants desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

    B.     The Decree resolves all issues that were raised in EEOC's Complaint and EEOC Charge of Discrimination number 524-2012-00534, which served as the jurisdictional prerequisite in this case. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against either Defendant, and to commence civil actions on any such charges.

    C.     EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative

prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D.  The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. All obligations of Defendants under this Decree shall remain in place only for the time that this Decree remains in effect, except in the circumstance where EEOC has filed a court application prior to the expiration of the Decree alleging that Defendants are not in compliance with the Decree, in which case the provisions of Part V (B) of this Decree shall apply.

**Section 103   Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

Holly Manor agrees that, in conjunction with any transfer of its operations to any entity other than Genesis HealthCare LLC or an affiliate of Genesis HealthCare LLC, it will provide to the transferee a copy of this Consent Decree prior to such transfer. Holly Manor will provide written notice to EEOC of any such transfer as soon as practicable prior to such transfer.

**Section 104   Amendments to this Decree**

By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

**Section 105   Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to insure that this Decree continues to effectuate the intent of the parties. The provisions

of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106   Breach of Decree**

A breach of any term of this Decree by either Defendant will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if either Defendant fails to perform any of the terms contained herein.  However, in the event that the EEOC believes that Defendant failed to comply with any provision(s) of this Consent Decree, it shall notify that Defendant in writing of the non-compliance and afford that Defendant twenty (20) business days after service of the non-compliance to remedy non-compliance before seeking judicial intervention, except in a situation where EEOC reasonably believes that Defendant's non-compliance poses an immediate threat to an individual and/or to the public. Notice shall be sent via electronic and certified mail to:

> William J. Leahy
> Littler Mendelson, P.C.
> Three Parkway, Suite 1400
> Philadelphia, PA  19102
> wleahy@littler.com
>
> General Counsel
> Genesis HealthCare LLC
> 101 East State Street
> Kennett Square, PA 19348
> lawdepartment@genesishcc.com

This Decree will be construed by this Court under federal law.

**Section 107    Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

    For EEOC:    Jeffrey Burstein, Supervisory Trial Attorney
    jeffrey.burstein@eeoc.gov

    and decreemonitor.nydo@eeoc.gov

    For Defendants:

    William J. Leahy
    Littler Mendelson, P.C.
    Three Parkway, Suite 1400
    Philadelphia, PA  19102
    wleahy@littler.com

    General Counsel
    Genesis HealthCare LLC
    101 East State Street
    Kennett Square, PA 19348
    lawdepartment@genesishcc.com

Any party may change such addresses by written notice to the other parties setting forth a new address for this purpose.

**PART II    INJUNCTIVE RELIEF**

**Section 201    Injunctions**

    A.    Defendants, their managers, officers, agents, and any other person or entity acting on behalf of either Defendant, are hereby enjoined from engaging in hiring discrimination on the basis of disability.

    B.    Defendants, their managers, officers, agents and any other person or entity acting on behalf of either Defendant, are hereby enjoined from retaliating against any employee or applicant, including but not limited to an employee or applicant who opposes unlawful

discrimination or who participated in any way in the filing, investigation, litigation or resolution of this matter at any stage.

**Section 202    Revisions of Assistant Cook Job Description**

    1.    Defendants have revised the Assistant Cook job description to state that individuals in that position must have the "Ability to read, communicate, and follow written or oral directions in the English language." No additional requirements shall be added that would otherwise have the effect of discriminating against any qualified individual on the basis of his or her disability.

    2.    Within 21 business days of the effective date of this Decree, Defendants will publish the revised job description on their intranet site on which job descriptions are routinely published.

    3.    Defendants will notify any and all management officials and employees responsible for hiring and/or evaluating the employee performance of Assistant Cooks about the existence and accessibility of the revised job description within 14 days after posting the revised description on their intranet site.

    4.    If any further revisions and/or additions related to the requirements to read, communicate, or follow directions in the English language are made to the job description for the Dietary Aide and Assistant Cook position after the effective date of this Decree, Defendants will send to EEOC copies of the revised job descriptions for these positions within seven business days after any such revisions and/or additions are made.

**Section 203    Posting and Distribution of Notices**

    **A.    Posting of Notice of Resolution**

Within seven business days of the effective date of this Decree, Holly Manor will conspicuously post and maintain a Notice of Resolution (attached as Exhibit A) in all prominent places where employee notices are posted and in areas visually accessible to applicants for employment. Defendants will certify in writing to EEOC within 14 business days after they have posted the Notice pursuant to this provision.

    **B.    Posting of EEO Posters**

Within 21 business days of the effective date of this Decree, Defendants will confirm that they conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Defendants' employees and applicants for employment.

**Section 204    Non-Discrimination Policy and Complaint Procedures**

    **A.    Content of Non-Discrimination Policies and Procedures**

Defendants have adopted revised anti-discrimination policies and complaint procedures ("Policies and Procedures") setting forth each Defendant's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following: (1) a detailed explanation of the prohibition against disability discrimination; (2) the assurance that Defendants will not retaliate against employees or applicants who make complaints of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination; (3) a clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including persons outside the employee's chain of command; (4) the assurance that Defendants will accept any and all

complaints from employees or applicants who wish to file complaints internally; (5) the assurance that the filing of anonymous complaints is permitted and that when requested confidentiality will be protected to the extent feasible; (6) the assurance that Defendants will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants; (7) a process that provides a prompt, thorough, and effective investigation, including interviewing complainant and all witnesses and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations; (8) a requirement that all aspects of an investigation be documented in written form absent unusual circumstances presenting good cause not to provide such written documentation (so long as Holly Manor fully complies with the provisions of Section 206(B) of this Decree on reporting complaints to EEOC); (9) assurance that upon completion of an investigation into a discrimination complaint, unless inappropriate under the circumstances, the complainant and respondent will promptly receive information regarding the result of the investigation; and (10) the assurance that Defendants will take prompt and appropriate corrective action when it determines that discrimination has occurred. EEOC's review of Defendants' Policies and Procedures is not a representation by EEOC that Defendants have been or currently are in compliance with federal anti-discrimination laws. Defendants' Policies and Procedures will not be modified without EEOC approval, which approval will not be unreasonably withheld. Defendants will notify the EEOC of any proposed changes to the Policies and Procedures, and EEOC will have 14 days following receipt of such notice to inform Defendants of any concerns with changes to the Policies and Procedures.

### B. Issuance of Policies and Procedures

1. Within 21 business days of the effective date of this Decree, Holly Manor will make available to each of its employees a copy of its Policies and Procedures concerning discrimination. For Holly Manor employees with e-mail access, this may be provided via an e-mail containing a link to such Policies and Procedures. For Holly Manor employees without e-mail access, Holly Manor will post a hard copy of such revised Policies and Procedures in a place where all employees may review it.

2. Within 21 business days of the effective date of this Decree, Defendants will make the Policies and Procedures available on the company intranet that makes other human resources information or policies available to employees and will include notice of the location and accessibility of the Policies and Procedures on the home page of the intranet and on company bulletin boards located in each individual facility.

3. Defendants will provide all new employees with the Employee Handbook and access to the Policies and Procedures within 21 business days of the commencement of their employment.

4. On an annual basis beginning six months after the effective date of this Decree, Defendants will certify in writing to EEOC that they have made the Policies and Procedures available to all employees, in accordance with the above terms.

## Section 205   Training

### A. Initial Training

#### 1. Timing and Requirements of Initial Training

Within 60 business days of the effective date of this Decree, Holly Manor will provide training programs for all of Holly Manor's (a) supervisory and management employees, and (b)

9

human resource employees. This specifically includes the following positions: Administrator, Food Services Director, Human Resources Manager, Hospitality Services Director assigned to Holly Manor, Regional Human Resources Director assigned to Holly Manor, and Assistant Food Services Director/Chef Manager. Each training program will include a detailed agenda with training materials. The agenda for the first training program will be sent to EEOC for its review and approval no later than thirty (30) days from the entering of this Decree. The training programs will be conducted by an attorney with at least five years of experience in labor and employment law who must be approved by EEOC, with copies of the trainer's curriculum vitae to be sent to EEOC no later than thirty (30) days from the Effective Date of this Decree.

### 2. Content and Duration of the Initial Training

The training will review the rights and responsibilities of employees and applicants under federal anti-discrimination laws and how such laws define unlawful discrimination, with a focus on disability discrimination. The training will include examples of unlawful conduct. The training also will cover Defendants' anti-discrimination policies and procedures with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with EEOC and state or local agencies. The training will be at least two hours in duration.

### B. Annual Training

### 1. Annual Training for Management and Supervisory Employees

Within 60 business days of each anniversary of the Effective Date of this Decree, Holly Manor will provide all Holly Manor supervisory and management employees with at least two hours of EEO training as described below in sub-paragraph 3.

10

### 2. Annual Training for Human Resources Employees

Within 20 business days of each anniversary of the Effective Date of this Decree, Holly Manor will provide all Holly Manor human resource employees and the Regional Human Resources Director assigned to Holly Manor with at least two (2) hours of EEO training as described below in sub-paragraph 3.

### 3. Subjects of Annual Training

The annual training programs shall be administered to Holly Manor supervisory, management and human resources employees. The training will review the rights and responsibilities of employees and applicants under federal anti-discrimination laws and how such laws define unlawful discrimination with a focus on disability discrimination. The training will include examples of unlawful conduct. The training also will cover Defendants' anti-discrimination policies and procedures, with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with EEOC and state or local agencies. Annual training will also include instruction on any policies and requirements related to this Decree and the proper procedures for responding to complaints of discrimination or harassment.

### C. Training for New Employees

Holly Manor will provide all new Holly Manor supervisory, management and human resources employees with at least two hours of EEO training within 90 business days of the commencement of their employment. The training will review the rights and responsibilities of employees and applicants under federal anti-discrimination laws and how such laws define unlawful discrimination with a focus on disability discrimination. The training will include examples of unlawful conduct. The training also will cover Defendants' anti-discrimination

policies and procedures with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with EEOC and state or local agencies.

### D. Reporting Requirements for Training

All employees attending any training sessions described in the above paragraphs will print and sign their full names on an attendance sheet. Within 14 business days of the completion of any training described in the preceding paragraphs, Defendants will provide EEOC with copies of all attendance sheets. On a bi-annual basis beginning 6 months after the effective date of this Decree, Holly Manor will provide EEOC with attendance sheets pertaining to training given to new employees as defined in Subsection C above and a list of new employees, if any, who did not attend the training as required.

### E. Pre-Training Notification Requirement

At least twenty business days prior to the Initial and Annual trainings required under this Section, Holly Manor will provide EEOC notice of the date, time, and location of the scheduled training. EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

**Section 206  Monitoring and Reporting**

### A. Monitoring by EEOC

EEOC may monitor Defendants' compliance with this Decree by requesting relevant records and through interviews with Defendants' officers, agents and employees at reasonable times. EEOC will provide reasonable advance notice of its intention to conduct such interviews with current employees while at work and with representatives of Defendants. Defendants will make available for inspection and copying any records related to this Decree upon request by EEOC upon 10 days' notice.

### B. Reporting Requirements for Discrimination Complaints

On a bi-annual basis beginning six months after the Effective Date of this Decree, Holly Manor will provide a written report to EEOC with information regarding any verbal or written complaints of disability discrimination from employees or applicants of Holly Manor which were received, pending or closed during the preceding six months, and raised to the Human Resources Department and/or to a Holly Manor manager or supervisor. The report will include the name of the complainant, the name of the alleged harasser or discriminator, a list of each step taken by Holly Manor during the investigation, a summary of the complaint, the results of any investigation of the complaint, and any remedial action taken by Holly Manor.

### Section 207   Compliance with Reporting Requirements

Defendants agree to maintain such records as are necessary to demonstrate their compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

### PART III   MONETARY RELIEF

### Section 301   Monetary Payment to Claimant

A.   Within twenty-one (21) calendar days of the effective date of this Decree, Defendants will pay the total gross sum of $75,000.00 to Stefan P. Denisiuk, of which $3,200.00 will be designated as backpay and $71,800.00 will be designated as compensatory damages.

B.   Defendants will send the checks via certified mail, return receipt requested, to Stefan P. Denisiuk at the address provided by EEOC. A copy of the check will be provided to EEOC immediately upon its issuance.

C.  Defendants will issue an IRS Form W2 in connection with the backpay amount and an IRS Form 1099 in connection with the compensatory damages amount. Both forms will be sent via certified mail, return receipt requested, to Stefan P. Denisiuk at the address provided by EEOC. A copy of the checks and tax forms will be provided to EEOC immediately upon issuance.

D.  Before receiving any amounts identified in this section, Charging Party Stefan P. Denisiuk will sign a release of his ADA claims asserted in the Complaint and in the charge he filed with EEOC, in the form to which the parties have already agreed.

## PART IV   SIGNATURES

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

## PART V   DURATION OF DECREE

A.  This Decree will remain in effect for three (3) years from the effective date of this Decree. If EEOC has filed an application with this Court not less than 30 business days before expiration of this Consent Decree alleging that Defendants are not in compliance with any sections of this Decree, Defendants' obligations under this Decree will not expire while any such enforcement action concerning this Decree is pending.

B.  The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.* Upon the cessation of the three-year term of

*\* This Court's September 3, 2014 Order dismissing the case is hereby modified accordingly. To be clear, the matter is administratively terminated, not dismissed.*

this Consent Decree, if there are no actions then pending concerning enforcement of this Decree, the parties will jointly notify the Court about the Decree's expiration.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

*Robert Rose /JB*
Robert D. Rose
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

*Jeffrey Burstein*
Jeffrey Burstein
Supervisory Trial Attorney
One Newark Center
Newark, N.J. 07102
Telephone: (973) 645-2267
Email: jeffrey.burstein@eeoc.gov

For Defendant Genesis HealthCare LLC

For Defendant 84 Cold Hill Road Operations LLC

*George V. Hager*
George V. Hager Jr.
CEO, Asst Treasurer + Asst. Secy

Attorney for Defendants

William J. Leahy
Littler Mendelson
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102

15

this Consent Decree, if there are no actions then pending concerning enforcement of this Decree, the parties will jointly notify the Court about the Decree's expiration.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

*Robert Rose / J B*

Robert D. Rose
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

*Jeffrey Burstein*

Jeffrey Burstein
Supervisory Trial Attorney
One Newark Center
Newark, N.J. 07102
Telephone: (973) 645-2267
Email: jeffrey.burstein@eeoc.gov

For Defendant Genesis HealthCare LLC

*Walter J. Kielar, SVP.*

For Defendant 84 Cold Hill Road Operations LLC

Attorney for Defendants

William J. Leahy
Littler Mendelson
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102

SO ORDERED this 3 day of Sept, 2014.

_____
Hon. Jose L. Linares
United States District Judge

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

# **NOTICE OF RESOLUTION**

This Notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Genesis HealthCare LLC and 84 Cold Hill Road Operations LLC, doing business as Holly Manor Center Nursing Home ("Holly Manor"), in federal court in New Jersey (Civil Action No. 14-cv-00316-JLL-JAD). In its lawsuit, EEOC alleged that Holly Manor discriminated against an applicant for employment on the basis of his disability.

Federal law prohibits employers from discriminating against applicants and employees based on national origin, religion, race, color, sex, age, disability, or genetic information. Genesis HealthCare and Holly Manor Center, and their managers, officers, and agents, will support and comply with Federal law prohibiting discrimination against any employee or applicant for employment because of an individual's disability.

Pursuant to the Consent Decree, Genesis HealthCare and Holly Manor will not discriminate in hiring based on disability; will maintain job descriptions that do not discriminate on the basis of disability; will provide training on federal laws prohibiting employment discrimination to Holly Manor's supervisory, managerial and Human Resources employees; will maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file discrimination complaints; and will provide monetary relief to the claimant.

Should you have any complaints or questions regarding employment discrimination, contact the Human Resources Department through the Corporate Integrity Hotline at

(800) 893-2094

or the EEOC at:

>Equal Employment Opportunity Commission
>Newark Area Office
>One Newark Center, 21st Floor
>Raymond Boulevard at McCarter Hwy (Rte. 21)
>Newark, New Jersey 07102-5233
>(800) 669-4000
>Website: www.eeoc.gov

Dated:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for three years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.